W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

DISTRICT NO. 22, UNITED MINE WORKERS OF AMERICA, Defendant-Appellee,

and

International Union, United Mine Workers of America, Intervenor-Defendant-Appellee,

and

Frank M. Stevenson, Intervenor-Defendant-Appellant.

No. 76-1819.

United States Court of Appeals, Tenth Circuit.

Submitted Dec. 13, 1977.

Decided Jan. 3, 1978.

Paul Blankenstein, Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C. (William J. Kilberg, Sol. of Labor, Beate Bloch, Associate Sol., Dedrick A. Housh, Regional Sol., Kansas City, Mo., Henry C. Mahlman, Associate Regional Sol., Thomas E. Korson, Denver, Colo., and Marshall A. Deutsch, Dept. of Labor, Washington, D. C., Rex E. Lee, Asst. Atty. Gen., Ramon M. Child, U. S. Atty., Salt Lake City, Utah, William Kanter and Paul Blankenstein, Attys., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., on the brief), for plaintiff-appellee.

Harrison Combs, United Mine Workers of America, and Joseph A. Yablonski and Daniel B. Edelman, Yablonski, Both & Edelman, Washington, D. C., for appellee International Union, United Mine Workers of America.

Elwood P. Powell, of Christensen, Gardiner, Jensen & Evans, Salt Lake City, Utah (Robert Cadeaux, Washington, D. C., on the brief), for intervenor-defendant-appellant.

Before SETH, Chief Judge, and McWIL-LIAMS and DOYLE, Circuit Judges.

DOYLE, Circuit Judge.

The question presented in this case is whether, following a union election for the office of International Executive Board Member for District No. 22, United Mine Workers of America and the setting aside of the election and the ordering of a new election following a suit by the Secretary of Labor, the deposed candidate who had originally prevailed but who lost in the subsequent special election which was supervised by the Secretary, is entitled to intervene in the court proceedings reviewing the Secretary's certification as to the validity of the election.

This controversy started on May 29, 1974, when the plaintiff, Secretary of Labor, filed suit under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481, et seq. The Secretary sought to set aside as invalid a December 2, 1973 election of officers held by defendant, District No. 22, United Mine Workers of America, and to have a new election for all District No. 22 officers. The International Union intervened as a party defendant.

Thereafter, on July 22, 1975, the district court ruled that District No. 22's constitutional provision requiring a candidate to have the support of five local unions in order to qualify as a candidate constituted a violation of the provision of the Act requiring that there be a "reasonable opportunity for the nomination of candidates." Based on that conclusion, the court invalidated the election and ordered that a new election be held for the office of International Executive Board Member (for District No. 22). The court did not set aside the election for the other offices which were also subject to the same requirement.

On November 1, this court affirmed the order directing a new election for International Executive Board Member and also remanded the cause to the district court with instructions to direct new elections for all other offices. The part of the district court judgment invalidating the election which had been based on a requirement of nomination by five locals was upheld. The part which did not require a supervised election for all offices was reversed. See Usery, Secretary v. District No. 22, United Mine Workers of America, 543 F.2d 744 (10th Cir. 1976). While the case was pending on appeal, the Secretary went ahead with the new election for the position of International Executive Board Member. This was conducted on January 16, 1976, and Frank J. Roybal, Sr. was elected. Following this, Frank M. Stevenson, the losing candidate in the election conducted by the Secretary, and who had been the winner in the first election which was set aside, filed a protest with the Secretary concerning the conduct of the election. The Secretary duly investigated the challenges of Stevenson and determined them to be without merit.

Acting in accordance with 29 U.S.C. § 482(c), the results were certified by the Secretary to the district court. There was attached to the certificate an affidavit by the Director of the Office of Labor Management Standards Enforcement, which set forth the Stevenson protests, the investigated findings as to these and the reasons for their being rejected. We have reviewed these, together with the determinations by the Secretary, and we consider it unnecessary to consider and discuss them in detail.

The Secretary considered these challenges very carefully. Thereafter, the actions of the Secretary were carefully reviewed by the district court, which concluded that the reasons given were sufficient and that they satisfied the criteria established by the Supreme Court in Dunlop v. Bachowski, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), for judicial review of the Secretary's determination that a protested election should not be challenged. The court entered final judgment declaring Frank J. Roybal, Sr. the duly elected International Executive Board Member and directed he hold office through March 31, 1978.

Stevenson's contention in this court is that the district court erred in denying his motion to intervene so as to challenge the

Secretary's certification to the court as a result of the election. In denying Stevenson's motion, the district court stated that its decision was based on the decision of the Supreme Court in *Trbovich v. United Mine Workers*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). The court interpreted that case to mean that Title IV of the Act prohibits intervention by a complaining union member asserting claims previously determined by the Secretary of Labor to be without merit.

The trial court also considered *Brennan v. Silvergate District Lodge 50, IAM*, 503 F.2d 800 (9th Cir. 1974), together with the dissenting opinion of Judge Kalodner in *Hodgson v. Carpenters Resilient Flooring Local U. No. 2212*, 457 F.2d 1364, 1371–72 (3rd Cir. 1972).

The leading authority construing the present aspect of Title IV of the Labor Management, Reporting and Disclosure Act of 1959, 29 U.S.C. § 482(b), is *Trbovich*. There a union member sought to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure in litigation brought by the Secretary of Labor under Title IV, *supra*. The Secretary there, as was originally done here, sought to set aside an election of union officers allegedly elected in violation of the Act. The petitioner had initiated the enforcement proceedings by complaining to the Secretary just as Roybal had here. The Supreme Court's opinion considered the provisions of Title IV together with the history of the Act, and concluded that intervention in a post-election enforcement suit by an individual union member who had initiated the proceedings was not prohibited so long as his petition in intervention was limited to claims of illegality contained in the Secretary's complaint. The Court reasoned that such intervention was warranted because the Secretary's interest is that of the public in free and democratic union elections, and that while he also represents the interests of the union members as a whole, he does not undertake to represent the interest of a complainant.

The contention had been made by the Secretary that § 403 of the Act barred intervention because the suit by the Secretary was the exclusive post-election remedy; that its purpose was to protect unions from frivolous litigation and unnecessary judicial interference with union elections and, secondly, to centralize in a single proceeding such litigation as might be warranted. The Court said, however, that he should be allowed to intervene to the extent that he sought to present evidence and arguments in support of the Secretary's complaint. As to efforts to add to the Secretary's complaint additional grounds for setting aside the election, the question was determined to be different. The Court said that the additional claims are ones which the Secretary had presumably determined to be without merit. To require the union to respond to these, the Court concluded, would circumvent the screening function assigned to the Secretary. A recent Supreme Court case, *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), reaffirms this reasoning in *Trbovich*.

In our case the controversy had advanced to a higher and at the same time a different level. The Secretary has already determined that the original election was void and has supervised a new election, which has resulted in the election of the original complainant to the office in question. We now have as complainant the man who originally prevailed and who was defeated in the Secretary's election. His contentions have been fully considered by the Secretary and determined to be insufficient, so Stevenson is not supporting the Secretary. He is, in effect, requesting intervention so as to litigate anew the complaints which were entertained by the Secretary and which were reviewed by the district court. In effect, then, he proposes to file what amounts to a counterclaim, a new independent action.

In our view, the intervention before us would, if granted, have the effect of expanding the scope of the remedy provided by Title IV. We are constrained, in view of this, to hold that Stevenson's motion to intervene must be denied. The decision of the Third Circuit in *Hodgson v. Carpenters*

*Resilient Flooring Local U. No. 2212, supra,* supports Stevenson. In *Hodgson* the requested intervention was by an officer who had been defeated in an election supervised by the Secretary. The majority of the court invalidated the Secretary's finding, which had rejected the contentions of a deposed officer. The court's reasoning was that disallowance of the petition of the ousted officer to intervene tended to result in mechanical approval of the Secretary's decision. On this basis Judge Gibbons, writing for the majority, concluded that the intervention was needed in order for the district court to conduct the kind of hearing that was contemplated by the Act.

In the dissenting opinion in *Hodgson,* Judge Kalodner argued that the majority opinion was in conflict with the Supreme Court's decision in *Trbovich,* wherein it was said that Congress intended to prevent individual members from pressing claims not thought meritorious by the Secretary. In *Hodgson,* as in the present case, the Secretary made an investigation and determined that the complaints were either unsupported or insufficient. Therefore, the intervention in *Hodgson* was said by Judge Kalodner in dissent to be barred by the guidelines enunciated in *Trbovich.*

In *Brennan v. Silvergate District Lodge 50, IAM,* 503 F.2d 800 (9th Cir. 1974), the factual condition was similar to that which is presented at bar. Following an election of officers complaint was made, there was an investigation by the Secretary, who found that there was probable cause to believe that violation of the Act had occurred, and following this the Secretary filed an action in the district court to have the election set aside. The officer who was elected in the embattled election sought to intervene. Subsequently, there was a stipulation for a judgment setting aside the election, and after that the Secretary conducted a rerun, at which time the complainant in the earlier election defeated the individual who had been elected in the contested election. The latter moved to intervene in the Secretary's action to certify the new election, alleging, as does Stevenson here, that the election had irregularities. The

Ninth Circuit decision, citing *Trbovich, Wirtz v. Bottle Blower's Ass'n,* 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968), and *Calhoon v. Harvey,* 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), concluded that the Supreme Court had construed the Act as giving the Secretary the exclusive post-election remedy so as to avoid frivolous litigation and so as to centralize in a single proceeding such litigation as was warranted and did so by limiting intervention to that which supported the Secretary's contention and did not interfere with the screening and centralizing functions of the Secretary. The Ninth Circuit very reasonably stated that if an incumbent officer can intervene as a matter of right in order to oppose the Secretary's action in setting aside an election, a peaceful settlement would seldom be attainable. It was further said that Congress in drafting Title IV did not intend for it to provide a forum "for the resolution of internal union disputes nor for the incumbent to seek to vindicate his own personal interests." The court added that "The incumbent officer has no legitimate interest in the lawsuit apart from those interests represented by the union as an entity, i. e., to preserve the fairness of the union's elections."

We are of the opinion that the preferred reasoning is that which is presented in the Supreme Court's opinion in *Trbovich,* and in *Brennan,* together with the reasoning of the dissenting opinion in *Hodgson.*

Perhaps the underlying reason for denial of intervention except in limited circumstances is the necessity for avoiding the continuous challenges and their attendant delays. Congress has chosen to empower the Secretary to make the investigation and to find the facts. Congress did not contemplate that the court would be retrying the issues. This impresses us as the strongest reason for denial of intervention.

We conclude that the present effort on the part of Stevenson to intervene is out of harmony with the fundamental purposes of Title IV of the Act. To permit intervention in this situation would allow a new adver-

sary action by the deposed incumbent, which would be contrary to the basic purposes of the Act of Congress. The district court was correct in its interpretation and in its judgment.

Its order is affirmed.